**COMPANIA MEXICANA DE AVIACION, S.A., a corporation doing business as Mexicana Airlines, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent,**

and

**Adela Espinosa De Penasco, Carlos Penasco Garcia, Patricia Guadarrama Or-** tiz, **Rodolfo Guadarrama Ortiz, Raul Guadaramma Ortiz, Ana Maria Esperanza Cuellar Marovilla, Federico Perez Munoz Lido, Amelia Neyra Perez, Pablo Eduardo Zuniga Escobar, Maria De Los Angeles Escobar Rodriguez, Rafael Mujica Bustos, Maria Luisa Susana Alarcon Mujica, Miguelangel Avila Rosales, Hector Avila Rosales, Rene Avila Rosales, Salvador Hernandez Amezcua, Maria Del Socorro Garcia Vizcaino, individually and as Guardian Ad Litem of Minors, Fernando Contreras Garcia and Liliana Contreras Garcia, Maria Teresa Alvarado Melgoza, Juan Rodriguez Guillen, Martha Rodriguez Guillen, Celia Rodriguez Guillen, Sylvia Rosaura Rodriguez Guillen, Rafael Palacios Ibarra, Enrique Rodriguez Guillen, individually and as Guardian Ad Litem of Minors, Cristobal Rodriguez Guillen and Pedro Rodriguez Guillen, Sophie Latrilleux, Fernando Gerardo, Michel Jimenez, Fernando Nicolas, Michel Vega, Rafaela Jimenez Michel, Leopoldo Raigoza Ortiz, Ana Luisa Sosa Ortiz, Alvaro Sosa Ortiz, Alfonso Sosa Ortiz, Arturo Sosa Ortiz, Alejandro Sosa Ortiz, Sergio Luis Velasco Ortiz, Rosa Leticia Velasco Ortiz, Martha Maria Velasco Ortiz, Lilia Rosa Velasco Ortiz, Alma Rosa Velasco Ortiz Carmen Fernandez Paredes, Luis Felipe Puente Bermudez, Carmen Espinosa Puente, Luis Felipe Puente Espinosa, Jose Haracio Robles Ramirez, Arturo Robles Casillas, Maria Asuncion Ramirez Robles, Maria Velasquez Rojas, Francisco Javier Velasquez Rojas, Jose Luis Velasquez Rojas, Sara Zaldivar Perez, Daniel Zaldivar Perez, Taide Zaldivar Perez, Ezperanza Zaldivar Perez, Enrique Zaldivar Perez, Guillermo Zaldivar Perez, Jaime Guzman Vas-**

---

quez, Alicia Flores Guzman, Nelly Camacho Iniguez Ramirez, individually and as Guardian Ad Litem of Minors, Juan Joshua Ramirez Camacho, Javier Martinez Pacheco, Virginia Tocaven Henriquez, Rogelio Domenge Morua, Aida Munoz Domenge, Lucero Celeste Banda Rueda, Leonidas Alejandro Banda Rueda, Faustino Garcia Espinosa, Maria Beceril Garcia, Rafael Pardo Grantison, Maria Magdalena Estrada, Javier Martinez Pacheco, Virginia Tocaven Henriquez, Ricardo Enterria Diaz, Soledad Rivera Herrera, Jose Socorro Rivera, Jose Maria Guara, Laura Romero, Real Parties in Interest.

No. 88–7015.

United States Court of Appeals,
Ninth Circuit.

Submitted March 31, 1988.
Decided Oct. 17, 1988.

Michael J. Holland, Condon & Forsyth, Los Angeles, Cal., for petitioner.

Carlos Hernandez, Capote, Hernandez, Labat & Planas, El Monte, Cal., for real parties in interest.

Before CANBY, BEEZER and KOZINSKI, Circuit Judges.

PER CURIAM: *

Compania Mexicana de Aviacion (Mexicana) flight 940 crashed at Michoacan, Mexico, shortly after takeoff from Mexico City on March 31, 1986, killing all aboard. This action is brought on behalf of 69 Mexican decedents who travelled on tickets purchased in Mexico for travel within Mexico.

Mexicana moved to dismiss the action for lack of jurisdiction because of foreign sovereign immunity and for *forum non conveniens*. The motion was denied by the District Court and Mexicana petitioned this court for a writ of mandamus. We conclude that denial of a motion to dismiss for foreign sovereign immunity is a collateral order which is immediately appealable. *Segni v. Commercial Office of Spain*, 816 F.2d 344 (7th Cir.1987); *see Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We further find that there are compelling reasons for construing the petition as a notice of appeal. *See Clorox Co. v. U.S. District Court*, 779 F.2d 517 (9th Cir.1985).

Mexicana is an agency of a foreign government and is thus a foreign state for purposes of the Foreign Sovereign Immunities Act (FSIA). 28 U.S.C. § 1603 (1973).

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

We conclude that the District Court lacks jurisdiction because none of the statutory exceptions to foreign sovereign immunity apply to this action. 28 U.S.C. §§ 1605–1607. We reverse the denial of sovereign immunity and remand for a dismissal of the action.[1]

## FACTS AND PROCEEDINGS

After taking off from Mexico City, Mexicana flight 940 was scheduled to stop in Puerto Vallarta and Mazatlan, and then terminate in Los Angeles. As a result of the crash in Mexico, four actions were filed in the United States.[2] Plaintiffs filed the fourth of these in California Superior Court, suing Mexicana, Boeing, Delta Airlines, Western Airlines and B.F. Goodrich Co. On August 13, 1987, Mexicana removed the case to United States District Court for the Central District of California, pursuant to the provisions of the FSIA. 28 U.S.C. §§ 1330, 1441(d) (1966). On the same day Mexicana answered the complaint, asserting lack of jurisdiction under the FSIA and *forum non conveniens.*

Plaintiffs responded to Mexicana's answer by seeking to file a notice of voluntary dismissal of the entire action without prejudice. Because Mexicana had answered the complaint, the clerk accepted but did not file the dismissal. *See* Fed.R.Civ.P. 41(a)(1). Mexicana then moved to dismiss the complaint for lack of subject matter jurisdiction and *forum non conveniens.* At the same time, Boeing moved to correct the docket to reflect that the voluntary dismissal was effective as to all defendants except Mexicana. After hearing the motions, the District Court granted Boeing's motion to correct the docket, dismissing the

action against all defendants except Mexicana[3], and denied without written order Mexicana's motion to dismiss. Mexicana moved for reconsideration on December 3, 1987. The court denied the motion on January 11, 1988, following which Mexicana filed its petition for writ of mandamus.

## DISCUSSION

### I

#### Jurisdiction

■ Mandamus is an extraordinary remedy, and is not available when full relief is possible through a contemporaneous ordinary appeal. *Badham v. U.S. District Court,* 721 F.2d 1170 (9th Cir.1983); *Clorox v. U.S. District Court,* 779 F.2d 517 (9th Cir.1985). Because we find that denial of a motion to dismiss for sovereign immunity is an appealable collateral order, mandamus is not available in this case.

■ Although mandamus normally may not substitute for an appeal, we have sometimes construed petitions for writ of mandamus as notices of appeal. *See Clorox Co. v. U.S. District Court,* 779 F.2d 517 (9th Cir.1985); *Diamond v. United States District Court,* 661 F.2d 1198 (9th Cir. 1981); *In re Roberts Farms, Inc.,* 652 F.2d 793, 795 (9th Cir.1981). In *Clorox,* we found that Clorox had a direct appeal available on the matter it raised by mandamus. We construed the petition as a notice of appeal because of the harsh result which would obtain if the mandamus petition were simply denied. We noted that, when the petition was filed, it was not unreasonable for the petitioner to believe that the

---

1. Because we reverse for lack of jurisdiction, we do not reach the issue of *forum non conveniens.*

2. The first, *Rodriguez Diaz v. Mexicana de Avion, S.A. and Boeing Commercial Airplane Company,* 20 Av.Cas. (CCH) 17,981 (W.D.Tex. 1987), was brought in Texas state court on behalf of sixteen Mexican and four American citizen decedents against both Mexicana and Boeing Commercial Airplane Company (Boeing). After removal to United States District Court (W.D.Texas) the case was dismissed on the ground of *forum non conveniens.*

    On March 25, 1987, the plaintiffs in the present action filed a complaint in the Western

District of Texas against Mexicana and Boeing, *Carlos Penasco Garcia et al v. Mexicana de Avion, S.A., et al.,* SA–87–CA–0405. The plaintiffs voluntarily dismissed that action. Two days after filing in Texas, the plaintiffs brought suit in the Northern District of Illinois, *Carlos Penasco Garcia v. Mexicana de Avion et al,* No. 87 C3920, against Mexicana, Boeing, and Delta Airlines. The court dismissed the action, adopting the opinion in *Rodriguez.*

3. The dismissal of Boeing operates as an adjudication on the merits, because the plaintiffs had already voluntarily dismissed Boeing in the Texas action. *See* Fed.R.Civ.P. 41(a)(1).

district court's order was reviewable only by mandamus, not by direct appeal. *Clorox*, 779 F.2d at 520. Similarly, it was not unreasonable here for Mexicana to have assumed that the District Court's denial of foreign sovereign immunity was reviewable only by mandamus; interlocutory appeals are exceptional and no prior authority exists in this circuit for a direct appeal from a denial of foreign sovereign immunity. Moreover, in this case as in *Clorox*, the time for notice of an interlocutory appeal has expired. For reasons discussed below, it would work a manifest injustice to postpone any review of the merits of the petition until after final judgment. *Id.* The petition for writ of mandamus has provided adequate notice to the parties and the court. We therefore treat the petition as a notice of appeal and decide accordingly.

### Interlocutory Appeal

This court has jurisdiction over appeals from final judgments of the district court. 28 U.S.C. § 1291 (1982). Notwithstanding the absence of a final judgment, under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), a small class of interlocutory orders is immediately appealable. This class embraces orders that conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and are effectively unreviewable on appeal from a final judgment. *Cohen*, 337 U.S. at 546–547, 69 S.Ct. at 1225–1226.

A denial of a motion to dismiss based on a claim of absolute or qualified immunity of a public official is an appealable interlocutory order to the extent that it turns on an issue of law. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982); *see Velasquez v. Senko*, 813 F.2d 1509 (9th Cir.1987). The entitlement is an immunity from suit rather than a mere defense to liability; it is effectively lost if a case is erroneously permitted to go to trial. *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815.

Only one court of appeals has decided whether sovereign immunity is similarly entitled to interlocutory review. In *Segni v. Commercial Office of Spain*, 816 F.2d 344 (7th Cir.1987), the Seventh Circuit held that an order denying immunity under the FSIA is appealable under the collateral order doctrine. Basing its decision on legislative history of the FSIA, the court stated that a foreign government should not be put to the expense of defending what may be a protracted lawsuit without a prior opportunity to obtain an authoritative determination of its amenability to suit. "The considerations that argue for allowing the denial of a public official's qualified immunity to be appealed immediately apply *a fortiori* to the denial of a foreign government's claim of immunity." *Segni*, 816 F.2d at 347.

We agree with the Seventh Circuit. An interlocutory appeal insures that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided [in the Act]." 28 U.S.C. § 1604. The legislative history of the Act, including representations of the State Department, also support a prompt appellate determination of sovereign immunity. *See* Hearings before the Subcomm. on Administrative Law and Governmental Relations of the H. Comm. on the Judiciary, 94th Cong., 2d Sess. 27 (1976); H.R. Rep. No. 1487, 94th Cong., 2d Sess. 1 (1976); S.Rep. No. 1310, 94th Cong., 2d Sess. 1 (1976), U.S.Code Cong. & Admin. News 1976, 6604. The denial of Mexicana's motion to dismiss is therefore an immediately appealable order.

### II

### Foreign Sovereign Immunity

The Foreign Sovereign Immunities Act is the exclusive source of subject matter jurisdiction over all suits involving foreign states or their instrumentalities. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983); *Berkovitz v. Islamic Republic of Iran*, 735 F.2d 329 (9th Cir.), *cert. denied* 469 U.S. 1035, 105 S.Ct. 510, 83 L.Ed.2d 401

(1984). We lack both statutory subject matter and personal jurisdiction over any claim against a foreign sovereign unless one of the Act's exceptions applies. *Verlinden*, 461 U.S. at 485 n. 5, 103 S.Ct. 1927 n. 5.

Mexicana Airlines, being wholly owned by the Mexican government, is a foreign state as that term is defined by the FSIA. 28 U.S.C. § 1602. It is thus immune from suit in this case unless: (1) it has waived its immunity; (2) the action is based upon a commercial activity carried on in the United States; upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States; or (3) the action is based upon a treaty conferring jurisdiction and that treaty pre-dates enactment of the FSIA. *See* 28 U.S.C. §§ 1604, 1605.

a. Waiver

■ Plaintiffs argue that Mexicana has waived its sovereign immunity. The U.S. Department of Transportation has issued a Foreign Air Carrier permit to Mexicana which includes a waiver of "any defense of sovereign immunity from suit in any action or proceeding instituted against the holder in any court or other tribunal in the United States ... based upon any claim arising out of operations by the holder under this permit."

Plaintiffs ask too much of this waiver. A recent amendment to the waiver language makes clear that the intent behind the waiver is to give United States courts jurisdiction over cases "that have substantial contact with the United States." *See* Department of Transportation Order 87-8-8, Amendment of Foreign Air Carrier Permit and Exemption Authority, 52 F.R. 29600 (July 31, 1987).[4] The decedents in the present case were all flying on tickets purchased within Mexico for passage between points of origin and destination within Mexico. The tickets, which are the governing contracts of carriage, demonstrate no contact with the United States. Mexicana's operations that are the subject of this action did not occur "under [the] permit" issued by the U.S. Department of Transportation.

■ The same result obtains under the governing international treaty, the Warsaw Convention, 49 U.S.C.App. § 1502 Note. The Convention defines international transport according to the contract made by the parties. All the tickets involved in this case were for domestic Mexican flights, not for international air transport. Warsaw Convention, Article 1(2). Moreover, Article 28 of the Convention establishes exclusive jurisdiction before either the court of the domicile of the carrier or its principal place of business, or the place of business where the contract was made, or the place of destination. The place of destination is the final destination according to the contract of carriage. *Aanestad v. Air Canada, Inc.*, 390 F.Supp. 1165 (C.D.Cal.), dismissed 549 F.2d 806 (9th Cir.1977). *See In re Alleged Food Poisoning Incident, March, 1984*, 770 F.2d 3 (2d Cir.1985). Mexicana's domicile and principal place of business are Mexico. The contracts of carriage for the decedents involved in this case were all made in Mexico, for destinations within Mexico; the fact that the airplane was ultimately destined to arrive in Los Angeles does not provide a basis for jurisdiction.

b. Commercial activity in the United States

A foreign state is not immune from the jurisdiction of courts of the United States

4. The Department of Transportation amended the language of the waiver to provide that the carrier may not invoke sovereign immunity for proceedings based on operations in international air transportation that, according to the contract of carriage, include a point in the United States as a point of origin, point of destination, or agreed stopping place, or for which the contract of carriage was purchased in the United States, or based upon any international agreement or treaty to which the United States is a party. Although the amendment was not made retroactive, the Department stated that the new language simply clarifies the original intent in imposing the waiver.

for its commercial activities in the United States or those outside the United States which cause a direct effect in the United States. 28 U.S.C. § 1605. Commercial activity carried on in the United States by a foreign state is defined as "commercial activity carried on by such state and having substantial contact with the United States." 28 U.S.C. § 1602(e). Mexicana carries on commercial activities within the United States, but that fact alone does not subject it to this action.

The FSIA requires that there be a significant "nexus" between the cause of action and the "commercial activity" carried on in the United States. *See Vencedora Oceanica Navigacion v. Compagnie Nationale Algerieene de Navigation (C.N. A.N.)*, 730 F.2d 195 (5th Cir.1984); *Sugarman v. Aeromexico*, 626 F.2d 270 (3rd Cir. 1980); *Tote v. Iberia International Airlines*, 649 F.Supp. 41 (E.D.Pa.1986). The only nexus plaintiffs allege between the cause of action and the commercial activity carried on in the United States is that the airplane had been in Chicago (where it had received routine servicing) the day prior to the crash and ultimately was due to land in Los Angeles. If this is a sufficient nexus, all airline crashes by government-owned carriers that stop in the United States would fall within the jurisdiction of United States courts. Such a result is not compatible with either the FSIA or the Warsaw Convention.

For the same reasons, there is no jurisdiction based upon an act in the United States in connection with a commercial activity elsewhere. Mexicana has not performed any act in the United States having significant nexus with this action. The only relevant act in the United States was the servicing of the aircraft by non-party Delta Airlines in Chicago, Illinois, the day before the accident. *See Barnett v. Iberia Airlines*, 660 F.Supp. 1148, 1152 (N.D.Ill. 1987).

c. Commercial activity outside the United States having a direct effect within

A further exception to foreign sovereign immunity is commercial activity outside the United States which causes a direct effect within the country. 28 U.S.C. § 1605(a)(2). Plaintiffs contend that such effect can be found in the Federal Aviation Administration's (FAA) orders relating to heavy jet aircraft in the United States fleet, issued because of the Mexicana crash.

The direct effect of a negligent act abroad is limited to the death or injury resulting from the negligent act. It does not extend to other, indirect consequences. *See Australian Government Aircraft Factories v. Lynne*, 743 F.2d 672 (9th Cir. 1984), *cert. denied* 469 U.S. 1214, 105 S.Ct. 1189, 84 L.Ed.2d 335 (1985); *Berkovitz v. Islamic Republic of Iran*, 735 F.2d 329 (9th Cir.), *cert. denied* 469 U.S. 1035, 105 S.Ct. 510, 83 L.Ed.2d 401 (1984). Where the incident is a fatal airplane crash, the direct effects are loss of life and the destruction of the aircraft. *Australian Government Aircraft Factories v. Lynne*, 743 F.2d 672 (9th Cir.1984). The FAA order does not constitute a direct effect of the Mexicana crash. The "direct effect" exception is of no aid to plaintiffs.

d. Warsaw Convention

For reasons already stated, the Mexicana crash did not involve international air transportation as defined by the Warsaw Convention. The Convention therefore provides no jurisdictional basis for this action under the FSIA.

CONCLUSION

The District Court's denial of Mexicana's motion to dismiss for lack of jurisdiction is reversed. The case is remanded with instructions to dismiss for lack of jurisdiction, pursuant to the Foreign Sovereign Immunities Act.

REVERSED AND REMANDED.