**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SUBIR GUPTA,

        *Plaintiff-Appellee,*

v.

THAI AIRWAYS INTERNATIONAL,
LTD.,

        *Defendant-Appellant.*

No. 04-56389

D.C. No.
CV-04-00152-RT

OPINION

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Argued October 25, 2006
Pasadena, California
Submitted May 30, 2007

Filed May 30, 2007

Before: Eugene E. Siler, Jr.,* A. Wallace Tashima, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea;
Dissent by Judge Tashima

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

6451

## COUNSEL

Mark S. Priver, Ohashi & Priver, Pasadena, California, and David A. Nelson, Nelson Law Firm, P.C., Pasadena, California, for the the defendant-appellant.

Luis E. Lopez, Lopez & Morris, LLP, Riverside, California, for the plaintiff-appellee.

---

## OPINION

BEA, Circuit Judge:

Thai Airways, International ("Thai Airways") appeals from the district court's order denying Thai Airways' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Thai Airways claims the district court erred in refusing to recognize the preclusive effect ("*res judicata*") of an earlier order dismissing, under the Foreign Sovereign Immunities Act ("FSIA" or "Act"), 28 U.S.C. §§ 1330, 1602 *et seq.*, an identical action brought by Gupta. That California order of dismissal was not appealed, and is now final. We raised the issue of jurisdiction during oral argument *sua sponte* and asked the parties to submit briefing on the discrete issue whether this court has jurisdiction to consider the district court's holding that *res judicata* does not apply in this case. We conclude that we have jurisdiction, and we reverse.

### I.

Subir Gupta, Plaintiff-Appellee, was scheduled to fly from Bangkok to Los Angeles. When Gupta attempted to board the plane bound for Los Angeles, Thai Airways employees refused to allow Gupta to board because they determined his United States Visa was invalid. Gupta claims the employees "subjected him to unwarranted accusations of fraud after [he] presented a valid and current U.S. Visa." Gupta was unable to fly to Los Angeles on this date and claims he missed a lucrative business meeting.

Gupta timely filed a complaint in California Superior Court, Los Angeles County, alleging Thai Airways employees

subjected him to unwarranted accusations of fraud regarding his visa that led to professional business losses. Gupta's complaint alleged claims of (1) negligence; (2) respondeat superior liability; (3) negligent hiring, training, and/or retention of unfit employee; (4) intentional infliction of emotional distress; (5) employer's authorization of employee's wrongful conduct; (6) slander per se; and (7) intentional interference with contractual relations.

Thai Airways successfully moved to dismiss for lack of subject matter jurisdiction[1] asserting it was a "foreign state" under FSIA, and no exception to the FSIA was applicable.[2]

---

[1]In California the typical method for raising lack of subject matter jurisdiction is by means of a demurrer. California Code of Civil Procedure ("CCP") § 430.30(a) ("When any ground for objection to a complaint . . . appears on the face thereof . . . the objection on that ground may be taken by a demurrer to the pleading."). Motions to dismiss for lack of subject matter jurisdiction, however, have been recognized in California case law. *See, e.g.*, *Goodwine v. Superior Court*, 63 Cal. 2d 481, 483-85 (1965); *In re Guardianship of Donaldson*, 178 Cal. App. 3d 477, 484-85 (1986). These motions have been described as "a substitute[ ] for general demurrer." 5 Witkin, *California Procedure*, *Pleading*, § 956 (4th ed. 1997). The fact that a motion to dismiss for lack of subject matter jurisdiction was used in this case rather than a general demurrer does not affect the analysis here because a general demurrer alleging the same facts would have been sustained given Thai Airways' immunity under the FSIA, and Gupta's failure to plead an exception to the FSIA. *See id.* (explaining that "any procedural error in eliminating the complaint by motion rather than demurrer is not prejudicial or reversible if a general demurrer could have been properly sustained without leave to amend").

[2]United States courts, both federal and state, possess subject matter and personal jurisdiction over a "foreign sovereign" only when an exception to the FSIA applies. *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct.*, 859 F.2d 1354, 1358-59 (9th Cir. 1988) (per curiam). The California Court of Appeal has explained that the FSIA "is the sole basis for obtaining jurisdiction over a 'foreign state' " in California state court. *Bolkiah v. Super. Ct.*, 74 Cal. App. 4th 984, 992 (1999). Thus, although Gupta's complaint alleged tortious action by Thai Airways—a subject matter over which the superior court normally would have jurisdiction—the superior court's jurisdiction over Thai Airways depended on the applicability of an exception to the FSIA.

The superior court rejected Gupta's assertion that Thai Airways had implicitly waived its immunity under 28 U.S.C. § 1605(a)(1) by communicating with Gupta regarding Gupta's suit and by not responding to the service of the complaint. Consequently, the court held Thai Airways immune from suit in United States courts in accordance with 28 U.S.C. § 1604 ("[A] foreign state shall be immune from the jurisdiction of the courts of the United States and of the States . . . ."). Gupta did not appeal the state court's order dismissing the action.[3] Rather, Gupta filed a complaint in federal district court in January 2004, alleging identical causes of action as those raised in the dismissed state court complaint.

Thai Airways moved to dismiss Gupta's federal case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) *forum non conveniens*. Regarding Rule 12(b)(1), Thai Airways asserted that the issue of subject matter jurisdiction and immunity under the FSIA was *res judicata* by virtue of the state court's prior determination of these issues. Thai Airways also argued, without reliance on *res judicata*, that it was a foreign state and that no exception to the FSIA was applicable.

---

Thai Airways is 79% owned by the Ministry of Finance of the Kingdom of Thailand. Under federal law, an entity whose controlling shares or majority interest is owned by a foreign state or political subdivision is itself a "foreign state." 28 U.S.C. § 1603(b)(2). The FSIA provides that a foreign state is immune from suit in state and federal court unless an exception to the FSIA applies. *Id.* § 1604. Gupta has never contended Thai Airways is not a "foreign state."

[3]The superior court's order is final because Gupta neither amended the complaint nor appealed the dismissal within the time allowed for such actions. "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, *or until the time for appeal has passed* . . . ." Cal. Civ. Proc. Code § 1049 (emphasis added). Pursuant to the California Rules of Court, Gupta had 60 days to file a notice of appeal. Cal. Rules of Court 8.104(a). Thus, when the 60 days passed without a notice of appeal, the superior court's order became final on December 15, 2003.

Gupta responded by asserting that Thai Airways is subject to the jurisdiction of United State courts pursuant to the Warsaw Convention, which governs the international transportation of passengers and cargo. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in note following* 49 U.S.C. § 40105.[4] Gupta also argued that the forum was proper because the Warsaw Convention allowed for suit "at the place of destination."

In ruling on Thai Airways' motion to dismiss, the district court held that the prior state judgment did not bar re-litigation of the claim in federal court. Nominally applying the preclusion rules of California, the court explained that "a court's dismissal for lack of jurisdiction is not res judicata as to the merits of the claim because it was not a judgment on the merits." Because the state court's order dismissed Gupta's action for lack of subject matter jurisdiction based on Thai Airways' immunity under the FSIA, the court held it "was not a judgment on the merits and has no preclusive effect."

Next the district court held that "[s]uits against foreign states under the Warsaw Convention are excepted from FSIA immunity." On this basis, the district court then held that the suit against Thai Airways, even though it is a foreign state-owned carrier, was properly brought in United States federal court. The Convention applied to this case, the district court reasoned, because the act of embarking on an international airline flight was sufficient to bring the incident within the ambits of the Convention.

---

[4]Gupta argued Articles 17 and 19 of the Warsaw Convention brought Thai Airways within the jurisdiction of United States courts despite the FSIA. Article 17 provides for carrier liability when *physical injury* occurs on board the aircraft or in the course of embarking or disembarking the aircraft. Article 19 provides for carrier liability for damage caused "by delay in the carriage by air of passengers, luggage or goods."

Finally the court explained that the forum was proper because Article 28 of the Warsaw Convention allows for actions brought before a court located in the place of the passenger's destination. Since Gupta was bound for Los Angeles, the district court held that forum is proper in federal district court in California.

Thai Airways now appeals the district court's order denying its motion to dismiss on grounds of Rule 12(b)(1). Thai Airways argues that Gutpa's action in federal court is barred under principles of *res judicata* because the state court determined that Thai Airways is immune from suit in the United States on the identical claims asserted in Gupta's federal complaint.

## II.

Because this appeal is from an order *denying* a motion to dismiss for lack of subject matter jurisdiction—an order which ordinarily is not appealable—we must first determine whether we have jurisdiction to consider Thai Airways' appeal. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (stating that "the denial of a motion to dismiss is ordinarily not a complete and final judgment subject to appeal . . ."). Although the parties did not raise the issue of jurisdiction, we have the obligation to confirm our jurisdiction *sua sponte* before determining whether the California state court's holding that Thai Airways is immune from suit under the FSIA is *res judicata* in federal court. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc) ("Although the parties did not raise the question of our jurisdiction, we have raised it sua sponte, as we must."). We conclude that jurisdiction exists.

**[1]** The FSIA "is the exclusive source of subject matter jurisdiction over all suits involving foreign states or their instrumentalities." *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct.*, 859 F.2d 1354, 1358 (9th Cir. 1988) (per

curiam). Hence, only if one of the Act's "specified exceptions to sovereign immunity applies" may a court exercise subject matter jurisdiction over a foreign sovereign. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 489 (1983).[5]

**[2]** Because jurisdiction over a foreign sovereign may be exercised only by applicability of an exception to the FSIA, we have long held that "an order denying immunity under the FSIA is appealable under the collateral order doctrine." *Compania Mexicana*, 859 F.2d at 1358.[6] "An interlocutory appeal

---

[5]In *Verlinden*, the Supreme Court further explained:

> The [FSIA] must be applied by the District Courts in every action against a foreign sovereign, since subject matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity[.] At the threshold of every action in a District Court against a foreign state, therefore, the court must satisfy itself that one of the exceptions applies— and in so doing it must apply the detailed federal law standards set forth in the Act.

461 U.S. at 493-94.

[6]In *Compania Mexicana*, as in this case, the district court denied a motion to dismiss for want of jurisdiction on the basis of foreign sovereign immunity. 859 F.2d at 1357. We explained that the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), contemplates interlocutory review of a small class of "orders that conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and are effectively unreviewable on appeal from a final judgment." *Compania Mexicana*, 859 F.2d at 1358. Orders dealing with foreign sovereign immunity fell within this class of collateral orders, we reasoned, because like claims of absolute or qualified immunity of a public official, foreign sovereign immunity "is an *immunity from suit* rather than a mere defense to liability; it is effectively lost if a case is erroneously permitted to go to trial." *Id.* (emphasis added) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). We also noted that both the text of the FSIA and the legislative history of the Act "support[ed] a prompt appellate determination of sovereign immunity." *Id.* Our later case law on the subject has only reaffirmed the holding of *Compania Mexicana*. *See Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1203 (9th Cir. 2003); *Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 304 (9th Cir. 1997).

insures that 'a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided [in the Act].' " *Id.* (alteration in the original) (quoting 28 U.S.C. § 1604).**[7]** Accordingly, we have jurisdiction over the order denying Thai Airways' Rule 12(b)(1) motion.

---

We note that each of our sister circuits that has considered whether a denial of a motion to dismiss on grounds of foreign sovereign immunity is an appealable collateral order have unanimously held that it is. *See Rux v. Republic of Sudan*, 461 F.3d 461, 466-67 (4th Cir. 2006); *Southway v. Cent. Bank of Nigeria*, 198 F.3d 1210, 1214 (10th Cir. 1999); *Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 755-56 (2d Cir. 1998); *Hond. Aircraft Registry, Ltd. v. Gov't of Hond.*, 129 F.3d 543, 545 (11th Cir. 1997); *Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1279-82 (3d Cir. 1993); *Stena Rederi AB v. Comision de Contratos*, 923 F.2d 380, 385-86 (5th Cir. 1991); *Foremost-McKessen, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 442-43 (D.C. Cir. 1990); *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450-52 (6th Cir. 1988); *Segni v. Commercial Office of Spain*, 816 F.2d 344, 346-47 (7th Cir. 1987).

**[7]**We reject Gupta's contention that the Supreme Court's decision in *Will v. Hallock*, 126 S. Ct. 952 (2006), disallows interlocutory review of questions of foreign sovereign immunity. The issue in *Hallock* dealt only with "whether a refusal to apply the judgment bar of the Federal Tort Claims Act is open to collateral appeal." *Id.* at 956. In ruling such refusal does not constitute an appealable collateral order, the Court stressed that the class of collaterally appealable orders is "narrow and selective in its membership." *Id.* at 958. The Court listed orders that fall within this narrow class and included orders denying absolute and qualified immunity in the list, *id.*—orders we analogized to orders denying a foreign sovereign immunity under FSIA in *Compania Mexicana*. 859 F.2d at 1358. The Court reiterated the three factors to consider in determining whether an order is collaterally appealable: " '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.' " *Hallock*, 126 S. Ct. at 957 (alteration in the original) (quoting *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). These are the precise factors we analyzed in *Compania Mexicana*. 859 F.2d at 1358. In short, nothing in *Hallock* causes us to question the reasoning of *Compania Mexicana* and our later case law that holds orders denying a foreign sovereign immunity are immediately appealable collateral orders.

Thai Airways moved the district court to dismiss Gupta's action on two grounds: lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and *forum non conveniens* under Fed. R. Civ. P. 12(b)(3).[8] In support of its motion to dismiss under Rule 12(b)(1), Thai Airways briefed two grounds for dismissal in the alternative: (1) the state court's decision already determined Thai Airways' immunity under FSIA and, under principles of *res judicata*, therefore precludes further review of the issue; and (2) Thai Airways is a "foreign state" within the meaning of FSIA, and no FSIA exception is applicable to confer the court jurisdiction. The district court rejected both of Thai Airways' arguments and issued an order denying Thai Airways' motion to dismiss for lack of jurisdiction.

It is from this *order* that Thai Airways is appealing. Under *Compania Mexicana*, we may review this order denying Thai Airways immunity under the FSIA.[9]

---

[8]Thai Airways does not appeal its claim of *forum non conveniens*. If it had, we would have lacked jurisdiction to consider that claim. *See Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 984 (9th Cir. 2004).

[9]The dissent faults our conclusion on the basis the Thai Airways' *res judicata* claim does not involve FSIA immunity. Were the issue of *res judicata* fully divorced from the issue of FSIA immunity, we would agree with the thoughtful and cogent dissent and dismiss for want of appellate jurisdiction. However, we do not agree with the dissent's premise, which ignores that Thai Airways' *res judicata* claim involves FSIA immunity; indeed it is *based* in FSIA immunity and nothing else. As explained above, Thai Airways is appealing from the district court's order denying Thai Airways FSIA immunity; we understand Thai Airways' claim on appeal to be that it is entitled to FSIA immunity because the state court's decision holding Thai Airways was so immune is *res judicata* in federal court:

> A district court judgment dismissing an action for lack of subject matter jurisdiction because of FSIA *is determinative of the sovereign immunity question*. Thus, a private party, who lost on the question of jurisdiction, cannot bring the same case in a state court claiming the federal court's decision extended only to the question of federal jurisdiction and not to sovereign immunity or only had force in the federal courts.

## III

### A.

The existence of subject matter jurisdiction under the FSIA is a question of law reviewed de novo. *See Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 984 n.7 (9th Cir. 2004); *Blaxland*, 323 F.3d at 1203.

### B.

While the order from which Thai Airways is appealing is one denying its motion to dismiss for lack of subject matter jurisdiction, Thai Airways' first theory supporting dismissal is that the California state court already determined Thai Airways was immune under FSIA. Thus, Thai Airways contends this determination has preclusive effect in federal court under the principle of *res judicata*. We agree.

**[3]** Whether a prior state court judgment precludes re-litigation of an identical claim in federal court depends on the

_____

14A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Jurisdiction and Related Matters* § 3662 (3d ed. 1998) (emphasis added). The same result occurs when the private party first brought the case in the state court, then filed in federal court. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982).

Hence, the "sovereign immunity question" is here settled, and to deny interlocutory appeal in this case would frustrate the purpose of FSIA, which is to provide, like qualified immunity, "an *immunity from suit* rather than a mere defense to liability . . . ." *Compania Mexicana*, 859 F.2d at 1358 (emphasis added); *see Saucier v. Katz*, 533 U.S. 194, 200-01 (2001); *Brittain v. Hansen*, 451 F.3d 982, 987 (9th Cir. 2006) ("[Q]ualified immunity is 'immunity from suit rather than mere defense to liability . . . .'" (quoting *Mitchell*, 472 U.S. at 526)). Thai Airways' immunity, to which it is entitled pursuant to the state court's decision, would be "effectively lost if [the] case is erroneously permitted to go to trial." *Compania Mexicana*, 859 F.2d at 1358.

preclusion rules of the state. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96 (1980). This principle results from the statutory command in 28 U.S.C. § 1738 that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State from which they are taken." "This statute has long been understood to encompass the doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion." *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 (2005) (internal quotation marks omitted). Hence, we look to California law to determine whether principles of *res judicata* precluded the district court from deciding anew Thai Airways' immunity under the FSIA.

[4] Under California law, " '[a]n order denying a motion or dismissing a proceeding for procedural reasons such as lack of jurisdiction is not res judicata as to the merits of any *underlying substantive question*.' " *Kalai v. Gray*, 109 Cal. App. 4th 768, 774 (2003) (emphasis added) (quoting *Gorman v. Gorman*, 90 Cal. App. 3d 454, 462 (1979)).[10] However, and

---

[10]In *Kalai*, "underlying substantive question" referred to the merits of a claim a homeowner-plaintiff brought against a contractor based on a dispute arising from home improvements. 109 Cal. App. 4th at 771-72. The agreement between the homeowner and the contractor included an arbitration clause that stated the exclusive remedy for either party would be through arbitration. *Id.* The homeowner, however, brought suit in state court, and "rather than filing a petition to compel arbitration," the contractor moved for summary judgment on the basis of the arbitration agreement. *Id.* at 772. The contractor's motion was based on *Charles J. Rounds Co. v. Joint Council of Teamsters No. 42*, 4 Cal. 3d 888 (1971), "in which the [California] Supreme Court held that a party faced with a lawsuit filed in contravention of an arbitration agreement may move for summary judgment as an option to filing a petition to compel arbitration pursuant to Title 9." *Id.* The court granted the motion for summary judgment, and in so doing, ruled that the homeowner had waived his right to arbitrate by bringing suit in state court. *Id.* The homeowner appealed.

determinative here, such dismissal *does bar* re-litigation of " 'issues necessary for the determination of jurisdiction.' " *MIB, Inc. v. Super. Ct.*, 106 Cal. App. 3d 228, 233 (1980) (quoting *Nichols v. Canoga Indus.*, 83 Cal. App. 3d 956, 967 (1978)).[11] As the California Supreme Court explained, "when the decision on the jurisdictional question is based upon a determination of the merits of an issue before the court, it constitutes a binding determination of that issue." *Shore v. Shore*, 43 Cal. 2d 677, 681 (1954).

---

The appellate court reversed, holding that the homeowner did not waive his rights to arbitrate by filing suit in state court. In so ruling, the court mentioned, among numerous other grounds, that the homeowner had not litigated the merits of his claims in superior court, and therefore the decision did not preclude arbitration. *Id.* at 773-74. *Kalai* does not address the preclusive effect of a determination of jurisdictional facts, which is the discrete issue here.

[11]In *MIB*, a nonresident corporate defendant served with summons and complaint by mail filed a motion to quash the service of summons on two grounds: lack of jurisdiction because the defendant did not have sufficient contacts with California, and *res judicata*. The defendant asserted *res judicata* because rulings in three prior actions filed by plaintiff against the defendant had determined that the defendant had insufficient contacts with the state to be subject to personal jurisdiction in California. 83 Cal. App. 3d at 230. The trial court denied the defendant's motion, and the defendant appealed. The California Court of Appeal reversed based on the "res judicata effect to findings of jurisdictional facts . . . ." *Id.* at 234. Although a dismissal because of lack of jurisdiction is not *res judicata* on the merits of the underlying action, "a finding with respect to jurisdictional facts will be treated as res judicata in subsequent actions" with respect to those facts. *Id.* at 232. Because the facts underlying California's personal jurisdiction over the defendant had already been determined in the previous actions, the plaintiff was prohibited from re-litigating the issue of California courts' personal jurisdiction over the defendant.

The decision in *MIB* fully accords with the explanation in *Kalai* that dismissal for procedural reasons does not bar future litigation of the merits of a claim. *MIB* simply prohibits re-litigation of jurisdictional facts already decided; the merits of the claim may still be litigated in a court of competent jurisdiction. The present case is analogous to *MIB* because the superior court here made findings on jurisdictional facts.

## C.

[5] Here, the California state court concluded it lacked subject matter jurisdiction because Thai Airways is 79% owned by the Ministry of Finance of the Kingdom of Thailand and is therefore immune from suit in courts in the United States under the FSIA. *See* 28 U.S.C. § 1603(b)(2) (including as a "foreign state" "any entity . . . a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof"). The state court further concluded Gupta had not alleged any of the exceptions to the FSIA applied to Thai Airways. These findings were necessary to the determination of jurisdiction and therefore have a preclusive effect under *Shore*, 43 Cal. 2d at 681, and *MIB*, 106 Cal. App. 3d at 231-35.[12]

---

[12]We note that the result here is not affected by the recent decision in *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080 (9th Cir. 2007). There, we declined to apply principles of collateral estoppel in determining the legal meaning of FSIA's exception for "used for a commercial activity in the United States" under 28 U.S.C. § 1610(a). *Id.* at 1086-87. A previous Fifth Circuit decision, stemming from the same controversy before this court in *Af-Cap* and involving the same plaintiff, already had interpreted the "commercial activity" exception in § 1610(a). *Id.* at 1087; *see Af-Cap, Inc. v. Republic of Congo*, 383 F.3d 361 (5th Cir. 2004). We explained that " '[i]ssue preclusion has never been applied to issues of law with the same rigor as to issues of fact[.]' " *Af-Cap*, 475 F.3d at 1086 (first alteration in the original) (quoting *Segal v. Am Tel. & Tel. Co., Inc.*, 606 F.2d 842, 845 (9th Cir. 1979). We also noted the novelty of the issue and the importance of developing the law in the area—an area where only one circuit court had addressed an issue as yet unresolved by the Supreme Court. *Id.* We then reviewed de novo the meaning of the "used for commercial activity" exception in § 1610(a). *Id.* at 1087-91.

The case before us bears no resemblance to *Af-Cap*. Here, on a *purely factual question of immunity*—ownership interest of more than 50% by a foreign sovereign and nonexistence of allegations of exceptions to FSIA—we are called upon to consider only whether *California* principles of *res judicata* bar Gupta from re-litigating Thai Airways' immunity in federal court where a state court already determined the factual basis for the application of the FSIA: that Thai Airways is immune.

**[6]** Under California law, it makes no difference that Gupta now contends the Warsaw Convention provides the court jurisdiction. The California Appellate Court in *MIB* faced a similar situation where in the fourth action attempting to establish jurisdiction over an out-of-state defendant, the plaintiffs introduced new evidence and pleaded new causes of action. 106 Cal. App. 3d at 231. The court held that evidence "which was not introduced in the earlier proceedings" does not overcome the preclusive effect of the prior decisions. *Id.* at 235. Even if wrong, an earlier decision involving the same issue and the same parties, "is as conclusive as a correct one." *Id.* Gupta had a full and fair opportunity to establish the jurisdiction of United States courts over Thai Airways. He failed to do so. He does not now get a do-over.[13]

Accordingly, we REVERSE and REMAND with instructions to the district court to vacate its order and dismiss Gupta's suit for lack of jurisdiction.[14]

**REVERSED and REMANDED.**

---

TASHIMA, Circuit Judge, dissenting:

The majority finds appellate jurisdiction in this case only by mistakenly assuming that if any issue decided by the district court is subject to interlocutory appeal, any other issue decided in the same order can also be reached on interlocutory appeal. Because I disagree and would dismiss this interlocutory appeal for lack of appellate jurisdiction over the limited issues raised and not reach the merits, I respectfully dissent.

---

[13]We say nothing about whether Gupta can raise his claims against Thai Airways where his claims are not subject to the FSIA.

[14]Having so determined, we need not address Thai Airways' claim that Gupta's federal court action is barred under the *Rooker-Feldman* doctrine.

Under the collateral order doctrine, this court would have jurisdiction over an interlocutory appeal from that portion of the district court's order denying Thai Airways' claim to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611. But this rule does not confer jurisdiction over an interlocutory appeal from other parts of the same order.

Thai Airways was very specific of the issues it raised on this appeal. It raised only two issues. To quote fully the "Issues Presented for Review" section of Thai Airways' opening brief:

1.   Whether the District Court erred in Denying Thai Airways' motion to dismiss after the State Superior Court determined, in an identical prior action, that Thai Airways was immune from suit on Gupta's claim in the United States under the Foreign Sovereign Immunities Act ("FISA"). 28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993).

2.   Whether Gupta's subsequent identical action against Thai Airways in federal court was a *de facto* appeal of the prior State Court determination and thus barred under the Rooker-Feldman Doctrine.

In support of its first issue, Thai Airways argued that the district court erred in denying its motion to dismiss because the prior ruling by the state superior court was res judicata. In support of its second issue, Thai Airways argued that under the *Rooker-Feldman* doctrine,[1] Gupta's action in the district court was a de facto appeal of the state court's dismissal of his earlier action. Thai Airways raised no argument in its

---

[1]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923; *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

briefs that it was immune from suit as a foreign state under the FSIA. Yet, because Thai Airways is taking an interlocutory appeal from an "*order* denying Thai Airways immunity under the FSIA," Maj. op. at 6461 (emphasis added), the majority concludes, without analysis and erroneously in my view, that we have jurisdiction to review that portion of the district court's order denying dismissal on the basis of res judicata.

The collateral order doctrine is intended to allow immediate appeal only of "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "The requirements for collateral order appeal have been distilled down to three conditions: that an order (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 126 S. Ct. 952, 957 (2006) (citation and internal quotation marks omitted).

While it is true that our case law permits an immediate interlocutory appeal from an order denying a motion to dismiss based on foreign sovereign immunity, *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Court*, 859 F.2d 1354, 1358 (9th Cir. 1988) (per curiam), it is equally well-settled that the denial of a motion to dismiss based on res judicata grounds is not immediately appealable. *See Will*, 126 S. Ct. at 960 ("[The] rule of respecting a prior judgment by giving a defense against relitigation has not been thought to protect values so great that only immediate appeal can effectively vindicate them."). To repeat, in this case, while it is true that the order Thai Airways appeals from rejected its claim of sovereign immunity, Thai Airways' only arguments on appeal are

directed to the other bases of the order, those resting on res judicata and the *Rooker-Feldman* doctrine.[2]

Although the cases discussing the collateral order doctrine sometimes loosely refer to interlocutory *orders* as being appealable, in fact, the cases actually analyze the specific *claim* or *issue* presented in determining the scope of their jurisdiction on an interlocutory appeal. And each claim presented must independently meet the requirements of the collateral order doctrine in order for it to be considered on interlocutory appeal. Appellate jurisdiction over one claim rejected in a district court order does not confer jurisdiction over all other claims rejected in the same order. *Abney v. United States*, 431 U.S. 651, 662-63 (1977); *see also United States v. Yellow Freight Sys., Inc.*, 637 F.2d 1248, 1251 (9th Cir. 1980) ("Inquiry into the immediate appealability of a particular pretrial order must focus upon each claim asserted.").

In *Abney*, after ruling that a denial of a criminal defendant's motion to dismiss on double jeopardy grounds is an immediately appealable collateral order, the Supreme Court noted that "we, of course, do not hold that other claims contained in the motion to dismiss are immediately appealable as well." 431 U.S. at 662-63. The Court held that "other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss . . . . are appealable if, and only if, they too fall within *Cohen*'s collateral-order exception to the final-judgment rule." *Id.* at 663. The Court thus held that the court of appeals lacked jurisdiction to review the district

---

[2]Thai Airways did not make any *Rooker-Feldman*-based arguments to the district court. "As a general rule, a federal appellate court does not consider an issue not passed upon below." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) (citation and internal quotation marks omitted). Even if we wished to deviate from this general rule, we lack jurisdiction over the *Rooker-Feldman* argument for the same reasons that we lack jurisdiction over the res judicata issue.

court's denial of the motion to dismiss based on insufficiency of the indictment. *Id.*[3]

The principle that appellate courts must examine each claim or issue presented separately to determine their jurisdiction on interlocutory appeal is also reflected in the requirements that an order must meet to be immediately appealable. Those requirements are phrased in terms of a disputed "question" — in the singular — indicating that it is not the breadth of the order that defines the scope of appellate jurisdiction on an interlocutory appeal. Rather, each particular appealable issue that is resolved by the order must be examined separately. *See Will*, 126 S. Ct. at 957 (noting that an order must "conclusively determine the disputed *question*" and "resolve an important *issue* completely separate from the merits" to be immediately appealable) (emphasis added).

Hence, the issue here is whether separate claims/defenses are raised by Thai Airways' arguments to the district court of (1) a substantive entitlement to foreign sovereign immunity, and (2) issue preclusion as to its entitlement to foreign sovereign immunity. Here, under simple logic, applying *Abney*, if the two arguments constitute separate claims, then this court does not have jurisdiction over an appeal taken solely from the portion of the district court's order rejecting Thai Airways' issue preclusion argument. The fact that the ruling on one argument is interlocutorily appealable does not mean that the other is as well.[4]

---

[3]The *Abney* rule may be eased somewhat in instances where courts choose to exercise pendent appellate jurisdiction. In this instance, however, pendent jurisdiction is inapplicable because there is no independent basis for jurisdiction to which jurisdiction over this matter can be "appended." *Cf. Swint v. Chambers County Comm'n*, 514 U.S. 35, 50-51 (1995) ("We need not definitively or preemptively settle here whether or when it may be proper for a court of appeals, with jurisdiction over one ruling, to review, conjunctively, related rulings that are not themselves independently appealable.").

[4]The majority's reliance on *Compania Mexicana* is misplaced because there the only *issue* that was before the appellate court on interlocutory appeal was sovereign immunity under the FSIA.

There may be instances where it is not entirely clear whether the two arguments can be considered separate defenses.[5] An immunity defense and an issue preclusion defense, however, are clearly unrelated, separate defenses. *See, e.g.*, *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1200 (10th Cir. 2002) (refusing to exercise pendent jurisdiction over a res judicata claim in an interlocutory appeal of the denial of a motion to dismiss on Eleventh Amendment grounds, because there was no showing that the res judicata claim was "inextricably intertwined" with the Eleventh Amendment claim).[6]

Here, the rationale for applying the *Cohen* collateral order doctrine to appeals from denials of foreign sovereign immunity does not encompass instances where the appeal is taken and supported solely on the grounds of issue preclusion. The Supreme Court has pointedly remarked that "the third *Cohen* question, whether a right is 'adequately vindicable' or 'effectively reviewable [on appeal from a final judgment],' simply cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 878-79 (1994).

---

[5]The transactional definition of a "claim" for purposes of claim preclusion, which is aimed at determining whether two suits allege the same cause of action, is unhelpful here, where the court must consider the relationship between defenses rather than between claims. *Cf. Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002) (most important factor in claim preclusion analysis is "whether the two suits arise out of the same transactional nucleus of facts").

[6]The majority argues that because the state court judgment was based on FSIA immunity, that should make a difference in determining whether we have jurisdiction over this interlocutory appeal based only on res judicata, Maj. op. at 6461-62 n.9, but it cites no case in support of that assertion. It further conflates the inquiry by asserting that "to deny interlocutory appeal in this case would frustrate the purposes of the FSIA." *Id.* But that frustration is caused by Thai Airways appealing only from the res judicata portion of the district court's order and *not* appealing from the FSIA immunity portion of the same order.

In explaining why pretrial rulings based on res judicata grounds do not merit immediate appeal, courts have emphasized that the res judicata doctrine is not meant to give a defendant an absolute right to avoid trial. *See, e.g.*, *In re Corrugated Container Antitrust Litig.*, 694 F.2d 1041, 1043 (5th Cir. 1983) ("[T]he only injury [from denial of immediate review] . . . is that [the defendant] will have to present its defense at trial, but that sort of injury follows in every denial of a motion to dismiss a complaint and does not justify an exception to the final-judgment rule."); *see also R.R. Donnelley & Sons Co. v. FTC*, 931 F.2d 430, 432-33 (7th Cir. 1991) ("Preclusion in a civil case creates a 'right not to be tried' only in the sense that it creates a right to *win*; but many legal doctrines do that without also creating a right to interlocutory appellate review.").

Here, in relying only on issue preclusion arguments, Thai Airways is not arguing that the substantive purposes of the FSIA would be served by granting it sovereign immunity. Those admittedly weighty interests are not the interests at stake in this appeal. Rather, Thai Airways is only arguing that respect for another court's judgment entitles it to dismissal. The interests at stake in the claim being asserted are simply those ordinarily protected by the doctrine of res judicata. Any interest that Thai Airways may legitimately possess in avoiding suit under the FSIA is not truly implicated in this appeal, because Thai Airways is not arguing the merits of its claim to FSIA immunity. Thus, in reaching the merits of this interlocutory appeal, the majority frustrates "the substantial finality interests § 1291 is meant to further, *Will*, 126 S. Ct. at 957, and expands the intended "modest scope" of the collateral order doctrine, *id.* at 958.

Had Thai Airways chosen to appeal the district court's ruling as to its entitlement to foreign sovereign immunity under the FSIA, we might have exercised jurisdiction over that appeal. However, nowhere in its opening or reply brief did Thai Airways make this argument. In fact, Thai Airways affir-

matively declared that the merits of its FSIA defense are not within the scope of its appeal, arguing in its reply brief that "the applicability of the Warsaw Convention is not an issue on this appeal."[7] By electing not to argue its entitlement to FSIA immunity on the merits, Thai Airways has waived the issue for purposes of this appeal. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Thai Airways' issue preclusion defense is an insufficient ground upon which to base our appellate jurisdiction over this interlocutory appeal.

Because I would dismiss this appeal for lack of jurisdiction, I respectfully dissent.

---

[7]In a supplemental filing, Thai Airways argues that if we find jurisdiction lacking under the final judgment rule, we should construe this appeal as a petition for mandamus. However, my conclusion that this appeal does not fall within the *Cohen* collateral order doctrine is based on my view that the rights at stake in an issue preclusion defense are adequately vindicable on appeal from a final judgment. This conclusion implies that Thai Airways has an "adequate means" to obtain relief, and will not be "damaged or prejudiced in a way not correctable on appeal" if we do not provide mandamus relief. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977) (listing these criteria among the factors that should be considered in determining whether to grant mandamus). As a result, I see no reason to grant mandamus relief.