**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AHMED T. RHUMA; SAM J. DUVAL,
FKA Adel A. Rhoma,

    Plaintiffs-Appellants,

v.

STATE OF LIBYA,

    Defendant-Appellee.

No. 14-17511

D.C. No. 2:13-cv-02286-MCE-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Ahmed T. Rhuma and Sam J. Duval appeal pro se from the district court's

judgment dismissing their action for lack of subject matter jurisdiction.   We have

jurisdiction under 28 U.S.C. § 1291.   We review de novo subject matter

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007). We affirm.

The district court properly determined that it lacked subject matter jurisdiction over plaintiffs' claims against Libya because plaintiffs failed to establish an exception to Libya's immunity under the FSIA. *See id*. at 763 (a court may only exercise subject matter jurisdiction over a foreign sovereign when one of the exceptions to immunity under the FSIA applies).

**AFFIRMED.**

14-17511