**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VINUM TOKAJ INTERNATIONAL, LLC, a California LLC, <br><br>        Plaintiff-Appellee, <br><br> v. <br><br> GRAND TOKAJ ZRT, an entity organized under the laws of the Republic of Hungary, <br><br>        Defendant-Appellant. | No.   15-55822 <br><br> D.C. No. <br> 8:14-cv-01509-AG-AN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted September 2, 2016[**]
Pasadena, California

Before: SILVERMAN, IKUTA, and WATFORD, Circuit Judges.

Grand Tokaj Zrt appeals the district court's order denying its motion to

dismiss under the Foreign Sovereign Immunities Act.  *See* 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 1602–1611. We have jurisdiction over the district court's denial of the motion to dismiss under the collateral order doctrine. *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 763 (9th Cir. 2007).

The district court did not err in rejecting GTZ's argument that Dr. Istvan Kiss, the Chief Executive Officer of GTZ, lacked actual authority to execute the marketing and distribution agreement with VTI on behalf of GTZ. Eniko Kiraly's conclusory and unsupported statement that no significant agreement was valid until approved by the GTZ Board of Directors and supervising body failed to establish Kiss's lack of actual authority by a preponderance of the evidence, given VTI's submission of Dr. Kovacs Kond's supplemental declaration, the Hungarian certified copy of the GTZ's register showing that GTZ's chief executive officer could bind the company, and Attila Balla's supplemental declaration regarding his interactions with the GTZ Board. Nor did the district court err in relying on VTI's evidence: GTZ waived any objection to the timeliness of its admission, *see In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010), and the district court did not abuse its discretion in ruling that Balla's testimony was admissible non-hearsay, *see* Fed. R. Evid. 801(d)(2). Likewise, the district court did not err in concluding that Balla's testimony authenticated the marketing and distribution agreement. *See* Fed. R. Evid. 901(b)(1).

Because GTZ failed to carry its burden of showing that Kiss lacked actual authority, the district court did not err in concluding that the "waiver" and "commercial activity" exceptions to immunity under the Foreign Sovereign Immunities Act were applicable. *See* 28 U.S.C. § 1605(a)(1)–(2); *see also* *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 324 (9th Cir. 1996).

**AFFIRMED.**