NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EITAN OVADIA ELIAHU,

Plaintiff-Appellant,

v.

STATE OF ISRAEL,

Defendant-Appellee.

No.   15-15487

D.C. No. 5:14-cv-01636-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Eitan Ovadia Eliahu appeals pro se from the district court's judgment

dismissing his action for lack of subject matter jurisdiction. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo, *Gupta v. Thai Airways Int'l, Ltd.*,

487 F.3d 759, 765 (9th Cir. 2007), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Eliahu's action for lack of subject matter jurisdiction because Eliahu failed to establish an exception to Israel's immunity under the Foreign Sovereign Immunities Act ("FSIA"). *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989) (statutory exceptions to FSIA provide sole basis for jurisdiction over a foreign state).

The district court did not abuse its discretion in denying Eliahu's request for jurisdictional discovery because Eliahu did not identify any discovery supporting his claim that a FSIA exception applied. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (setting forth standard of review and affirming denial of a request that "was based on little more than a hunch that it might yield jurisdictionally relevant facts").

Eliahu's request for oral argument, filed on September 12, 2016, is denied.

**AFFIRMED.**