NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM R. SARALE; JULIE ANN SARALE, individually, Trustee of the James J. Cavalli Testamentary Trust, and Trusteee of the Eva M. Cavalli 2007 Trust, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CALIFORNIA INDEPENDENT SYSTEM OPERATOR CORPORATION; PACIFIC GAS & ELECTRIC COMPANY, <br><br> Defendants-Appellees. | No. 16-15037 <br><br> D.C. No. 2:14-cv-02573-TLN-CKD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted October 20, 2017
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HOYT,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Kenneth M. Hoyt, United States District Judge for the
Southern District of Texas, sitting by designation.

William and Julie Sarale appeal a Rule 12(b)(6) dismissal of their civil rights complaint alleging a taking of their property and related claims.  The Sarales claim that Pacific Gas & Electric Company ("PG&E") exceeded the scope of a 1915 easement permitting PG&E to trim walnut trees around high-voltage power transmission lines running across Plaintiffs' walnut farm.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Although the district court did not reach PG&E's issue preclusion argument, we may affirm on any ground supported by the record.  *Campbell v. State of Washington Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 n.4 (9th Cir. 2011).  The issues previously decided by the California District Court of Appeal and California Public Utilities Commission ("CPUC") collaterally estop the Sarales from relitigating the same issues in their federal action.  That is dispositive of their claims, and we affirm on that basis.

First, the California District Court of Appeal preclusively held that PG&E's easement existed as a matter of law, and "[t]he Sarales [had pled] no *facts* suggesting that the plain terms of the PG&E right-of-way [were] ambiguous or uncertain." *Sarale v. Pac. Gas & Elec. Co.*, 189 Cal. App. 4th 225, 245 (2010).  The court dismissed Plaintiffs' lawsuit, concluding that CPUC had exclusive jurisdiction to decide if PG&E's trimming within 20 feet of the power lines to avoid risk of fire was "unreasonable, unnecessary, or excessive[.]" *Id.* at 231.  The

2

holding as to the existence of the easement was "necessary to the determination of jurisdiction and therefore ha[s] a preclusive effect" under California law. *See Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 767 (9th Cir. 2007) (citations omitted).

Second, CPUC preclusively held that PG&E's trimming on Plaintiffs' walnut farm was not excessive, but rather "necessary, proper, and reasonable in the overall framework of consistent regulation and management of vegetation growth near power lines." Sarale, D-14-05-008 (Cal. Pub. Util. Comm'n May 7, 2014) (modified decision dismissing complaint).

As an initial matter, CPUC's decision satisfies the *Utah Construction* fairness test. *See Plaine v. McCabe*, 797 F.2d 713, 718–19 (9th Cir. 1986) (citing *United States v. Utah Const. & Min. Co.*, 384 U.S. 394, 422 (1966)). CPUC adjudicated whether PG&E's trimming was reasonable after the Sarales participated in a five-hour evidentiary hearing and submitted evidence, testimony, and briefing. Plaintiffs "had an opportunity, which [they] chose not to take, for judicial review" of the agency decision by a California appellate court. *See Misischia v. Pirie*, 60 F.3d 626, 630 (9th Cir. 1995); Cal. Pub. Util. Code § 1756.

California's collateral estoppel requirements are also satisfied. *See Plaine*, 797 F.2d at 720 (citing *People v. Sims*, 32 Cal. 3d 468, 484 (1982)). "[T]he issue necessarily decided at the previous [proceeding]"—whether PG&E's trimming was

3

reasonable—"is identical to the one which is sought to be relitigated." *See Sims*, 32 Cal. 3d at 484 (alteration in original). Moreover, "the previous [proceeding] resulted in a final judgment on the merits," and the Sarales were party to the prior proceeding. *Id.* (alteration in original). In sum, CPUC's now final decision collaterally estops them from relitigating whether PG&E's trimming was reasonable. *See Plaine*, 797 F.2d at 718–20; *see also* Cal. Pub. Util. Code § 1709 ("In all collateral actions or proceedings, the orders and decisions of [CPUC] which have become final shall be conclusive.").

Given the preclusive effect of these prior rulings, the Sarales' claims cannot withstand a Rule 12(b)(6) motion. There can be no taking under the Fifth Amendment or California Constitution because PG&E acted within the scope of its easement. *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1028–29 (1992). The conspiracy to defraud and fraud claim fails for the same reason: PG&E lawfully exercised its rights under the easement, so Plaintiffs cannot prove "damages resulting from reliance on a misrepresentation." *See Bldg. Permit Consultants, Inc. v. Mazur*, 122 Cal. App. 4th 1400, 1415 (2004). Neither can Plaintiffs show an "unlawful interference," as required to state a trespass claim, *see Girard v. Ball*, 125 Cal. App. 3d 772, 788 (1981), or that PG&E interfered or attempted to interfere with a state or federal constitutional or legal right—an

4

element of their state civil rights claim, *see Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998).

Each party shall bear its own costs on appeal.

**AFFIRMED.**