NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL DELACRUZ, Sr., | No. 18-16956 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-06858-BLF |
| v. | |
| THE STATE BAR OF CALIFORNIA, a California public entity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted April 11, 2019[**]

Before:     WALLACE, FARRIS, and TROTT, Circuit Judges.

Daniel Delacruz, Sr., appeals pro se from the district court's judgment

dismissing his action alleging federal and state-law claims arising from his second

denial of admission to practice law by the State Bar of California.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *ASARCO, LLC v. Union*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (dismissal on basis of res judicata). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Delacruz's Computer Fraud and Abuse Act ("CFAA") claims against the defendants associated with the State Bar of California because Delacruz did not plausibly allege facts showing that these defendants "intentionally accesse[d] a protected computer" or caused damages in violation of 18 U.S.C. § 1030(a)(5). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Delacruz's conspiracy claims because Delacruz did not plausibly allege facts showing the existence of an agreement. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990-91 (9th Cir. 2006) ("the plaintiff [must] plead at least the basic elements of the conspiracy, especially the existence of an agreement." (citation omitted)).

The district court properly dismissed Delacruz's Fifth and Fourteenth Amendment claims, as well as any associated violation of the Americans with

18-16956

Disabilities Act ("ADA"), against the defendants associated with the State Bar of California as barred by the doctrine of res judicata because his claims were raised, or could have been raised, in a prior action that involved the same primary rights and parties or their privies, and resulted in a final judgment on the merits. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (elements of res judicata under California law; explaining that California's doctrine of res judicata is based on a primary rights theory); *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007) (state law preclusion law governs whether prior state court judgment precludes relitigation of identical claim in federal court); *City of Martinez v. Texaco Trading & Transp. Inc.*, 353 F.3d 758, 764 (9th Cir. 2003) (privity applies under California law "if a party's interests are so similar to another party's interests that the latter was the former's virtual representative in the earlier action" (citation and internal quotation marks omitted)).

Dismissal of Delacruz's retaliation claims under the ADA was proper because Delacruz failed to allege facts sufficient to show causation. *See Brown v. City of Tucson,* 336 F.3d 1181, 1187-88 (9th Cir. 2003) (setting forth elements of a retaliation claim under the ADA).

The district court properly dismissed Delacruz's § 1981 claims against the defendants associated with the State Bar of California as being barred by sovereign

18-16956

immunity. *See Pittman v. Ore., Emp't Dep't*, 509 F.3d 1065, 1073 n.5 (9th Cir. 2007) ("[S]tates are . . . immune from suits in federal court under § 1981.").

The district court properly dismissed Delacruz's CFAA claims against the defendants associated with Gordon Rees Scully Mansukhani, LLP as barred by the doctrine of res judicata because Delacruz alleged nearly identical claims against Gordon Rees Scully Mansukhani, LLP, or its privy, in a prior federal action in which there was a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (elements of claim preclusion under federal law); *see also Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)).

The district court properly dismissed Delacruz's First, Fifth and Fourteenth Amendment claims against the defendants associated with Gordon Rees Scully Mansukhani, LLP because Delacruz failed to allege facts sufficient to show state action. *See Iqbal*, 556 U.S. at 678; *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("[B]are allegation[s]" of "joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that [defendants] acted under color of state law or authority." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining supplemental jurisdiction over Delacruz's state law claims after dismissing Delacruz's federal claims. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1149 (9th Cir. 2012) (when all federal law claims have been resolved, a district court has discretion whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over remaining state law claims).

The district court did not abuse its discretion by denying Delacruz's motion for a preliminary injunction because Delacruz failed to demonstrate a likelihood of success on the merits or a likelihood of irreparable harm. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20-21 (2008) (factors for evaluating a motion for a preliminary injunction); *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (standard of review).

The district court did not abuse its discretion by striking Delacruz's second amended complaint because Delacruz did not comply with Fed. R. Civ. P. 15(a). *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (standard of review).

The district court did not abuse its discretion by denying Delacruz's Fed. R. Civ. P. 60(b) motion because Delacruz failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under

Rule 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

We reject as unsupported by the record Delacruz's contention of misconduct by the district court.

We reject as without merit the contention raised by the defendants associated with Gordon Rees Scully Mansukhani, LLP that this court lacks jurisdiction over this appeal as it relates to the defendants associated with Gordon Rees Scully Mansukhani, LLP.

Delacruz's motions for an expedited injunction (Docket Entry Nos. 29 and 36) are denied.

Delacruz's renewed motion (Docket Entry No. 39) to maintain under seal Volumes 3 and 4 of the supplemental excerpts of record is granted. The Clerk shall publicly file the answering brief (Docket Entry No. 30), Volumes 1 and 2 of the supplemental excerpts of record (Docket Entry No. 31), and the reply brief (Docket Entry No. 20), and shall file Volumes 3 through 5 of the supplemental excerpts of record under seal. No paper copies of the briefs or excerpts will be

required.  The Clerk shall maintain the renewed motion to seal under seal.

Delacruz's motion for sanctions (Docket Entry No. 40) is denied.

**AFFIRMED.**