**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK DAVID PIÑA, | No. 23-55614 |
| Plaintiff-Appellant, | D.C. No. 2:23-cv-02672-MCS-SK |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted March 26, 2024**

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Frederick David Piña appeals pro se from the district court's judgment

dismissing his action alleging federal claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th

Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Stewart v. U.S.*

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal based on claim preclusion). We affirm.

The district court properly dismissed Piña's action on the basis of claim preclusion because Piña's claims alleging improper conduct by State Farm's counsel during Piña's personal injury litigation involved the same parties and primary right raised in a prior state court action that resulted in a final judgment on the merits. *See Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 762 n.3 (9th Cir. 2007) (explaining that a state court dismissal is final when a party fails to appeal within the time allowed); *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law."); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (setting forth elements of claim preclusion under California law).

We reject as meritless Piña's contentions that the district court acted without authority in issuing its decisions, violated federal law, or was biased against Piña.

Piña's motions to consolidate (Docket Entry Nos. 13, 14 and 15) are denied.

**AFFIRMED.**